**RAY, et ux v. BLUE SHIELD OF FLORIDA, Inc., et al.**
No. 73-1554.
Circuit Court, Escambia County.
June 17, 1974.

Roderic C. Magie of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenblum & Magie, Pensacola, for the plaintiffs.

Frank C. Bozeman of Harrell, Wiltshire, Bozeman, Stone, Swearingen & Hart, Pensacola, for the defendants.

WOODROW M. MELVIN, Circuit Judge.

*Declaratory judgment:* This cause is before the court upon proper pleadings seeking a declaratory judgment as to the rights of the plaintiffs for payment by the defendants of medical costs for the professional services of Drs. Greskovich and Coe incident to oral surgery performed on the plaintiff, Cecil Ray. Plaintiffs and defendants have moved for summary judgments.

The group contracts of insurance are a part of the file. Ruth Ray, an employee of Escambia County, never received a copy of the insurance contract but instead was furnished a document entitled "Your Group Insurance Program." It is the opinion of this court that the defendants are bound by their interpretation of the contract coverage as set forth in the said pamphlet furnished Escambia County employees, and any ambiguity or language variance therein from the strict language of the contracts are to be construed against the defendants and in favor of the insured.

The court must decline defendants' invitation to dispose of this case in their favor based upon defendants' reliance upon statutory definitions, and exclusionary clauses in the contracts, because to do so, would result in permitting defendants to lull group insured employees into a false sense of security by paragraphs such as "Services by a Nonparticipating Physician" as are contained in the pamphlet referred to. The clause is so drafted as to lead a reasonable person to conclude that a dental or oral surgeon, such as Dr. Greskovich, would be one as to whom coverage would apply as a non-participating physician.

It is therefore ordered, adjudged and decreed that the defendant, Blue Shield of Florida, Inc., is liable under its said contract to pay for the services of Dr. Frank J. Greskovich and Dr. Henry Coe rendered to Cecil Ray.

It is further ordered and adjudged that the court, having assumed jurisdiction of this cause, will retain jurisdiction for the rendition of complete relief to plaintiffs by rendition of judgment for said doctors' bills, plaintiffs' court costs and assessments of a reasonable attorney fee to plaintiffs' counsel against said defendants, upon motion of plaintiffs.